UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

PAULE SABRINA BROWN,
CHANTAL DIEUVIL,

        Plaintiffs,

v.

MILLER HEALTHCARE NETWORK, LLC,
MARTINE J. MILLER,

        Defendants.
_____/

**COMPLAINT**
*{Jury Trial Demanded}*

Plaintiffs, PAULE SABRINA BROWN and CHANTAL DIEUVIL bring this action against Defendants, MILLER HEALTHCARE NETWORK, LLC and MARTINE J. MILLER, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 201 et seq., and allege as follows:

1. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2. At all times material hereto, Plaintiffs PAULE SABRINA BROWN and CHANTAL DIEUVIL were residents of the State of Florida and "employees" of Defendants as defined by the FLSA.

3. At all times material hereto, Plaintiffs engaged in interstate commerce on a regular and recurring basis within the meaning of the FLSA.

4. At all times material hereto, Defendant, MILLER HEALTHCARE NETWORK, LLC, was a Florida corporation with its principal place of business in South Florida, engaged in commerce in the field of home health services, at all times material hereto was the "employer" of Plaintiffs

as that term is defined under statutes referenced herein, engaged along with its employees in interstate commerce, and has annual gross sales and/or business volume of $500,000 or more.

5. Defendant, MARTINE J. MILLER, is a resident of Broward County, Florida and was, and now is, the managing agent, director and owner of Defendant, MILLER HEALTHCARE NETWORK, LLC; said Defendant acted and acts directly in the interests of Defendant, MILLER HEALTHCARE NETWORK, LLC, in relation to said co-Defendant's employees. Defendant effectively dominates MILLER HEALTHCARE NETWORK, LLC administratively or otherwise acts, or has the power to act, on behalf of the corporation relative to its employees and had the authority to direct and control the work of others. Thus, MARTINE J. MILLER was and is an "employer" of the Plaintiffs within the meaning of 29 U.S.C. §203(d).

6. Defendant MARTINE J. MILLER controlled Plaintiffs' compensation.

7. Defendant MARTINE J. MILLER controlled Plaintiffs' work schedules.

8. Defendant MARTINE J. MILLER had hiring and firing authority over Plaintiffs.

9. Plaintiff PAULE SABRINA BROWN worked for Defendants as a home health aide.

10. Plaintiff CHANTAL DIEUVIL worked for Defendants as a home health aide.

11. Plaintiffs have attached statements of claims as Exhibit A and Exhibit B to provide initial estimates of date ranges of employment, hours worked, amounts paid, and damages. These amounts may change as Plaintiffs engage in the discovery process.

12. Defendants have knowingly and willfully refused to pay Plaintiffs their legally-entitled wages.

13. Plaintiffs have complied with all conditions precedent to bringing this suit, or same have been waived or abandoned.

14. Plaintiffs have retained the services of the undersigned and are obligated to pay for the legal services provided.

## COUNT I
## VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA")
## ALL DEFENDANTS

15. Plaintiff realleges and incorporates the allegations set forth in paragraphs 1-14 above as if set forth herein in full.

16. Plaintiffs allege this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 216 (b), that Plaintiffs are entitled to: (i) unpaid minimum wages; (ii) time-and-a-half overtime pay,[1] and (iii) liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.

17. Plaintiff seeks recovery of damages as referenced above and further seeks interest, costs, and attorneys' fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiffs demand judgment against Defendants, jointly and severally, plus costs, reasonable attorneys' fees, and such other remedy as the court deems just and appropriate.

## COUNT II
## BREACH OF CONTRACT AND FAILURE TO PAY WAGES
## DEFENDANT MILLER HEALTHCARE NETWORK, LLC

18. Supplemental jurisdiction over the pendent state claim is conferred on this Court by 28 U.S.C. 1367.

19. Plaintiffs reallege and incorporate the allegations set forth in paragraphs 1-17 above as if set forth herein in full.

20. Plaintiffs entered into oral contracts for wages at the rates of pay indicated in Plaintiffs' respective statements of claims.

---

[1] As to Plaintiff Chantal Dieuvil only.

21.     Plaintiffs worked for Defendant and did not receive the compensation promised. Defendant, therefore, wrongfully deprived Plaintiffs of wages that were due and owing and to which Plaintiffs are lawfully entitled under an oral contract for wages with Defendant.

22.     Plaintiffs have been damaged as a result of Defendant's failure to pay the agreed upon wages.

23.     Pursuant to Section 448.08, Florida Statutes, Plaintiffs are entitled to the costs of this action and reasonable attorneys' fees.

WHEREFORE, Plaintiffs demand judgment against Defendant for the unpaid wages that are due and owing, prejudgment interest, reasonable attorneys' fees and costs incurred in this action and any and all further relief this Court deems just and appropriate.

Respectfully submitted,

Koz Law, P.A.
320 S.E. 9th Street
Fort Lauderdale, Florida 33316
Phone: (786) 924-9929
Fax:    (786) 358-6071
Email: ekoz@kozlawfirm.com

_____
Elliot Kozolchyk, Esq.
Bar No.: 74791